## Supreme Tent of the Knights of the Maccabees of the World v. Renny Valck.

1.    BENEFIT SOCIETIES—*Payment of Assessments to Local Lodges.*— Where the local lodge of a mutual benefit society admits a member, collects his admission fee and all assessments levied upon him, and remits such assessments to the supreme lodge or directory of the society, such local lodge is to be regarded as the agent of the supreme lodge or directory, to the extent that payment of assessments to it is a payment to

the higher body of the order; and its default in paying to the higher body of the order the assessments paid to it by its members, does not affect the rights of such members.

2. SAME—*Recovering Double Assessments.*—Where double assessments were paid and remitted to the supreme body of the order, with notice that they were paid by a member claiming to be entitled to double benefits, such moneys can not be thus received and retained without obligating the supreme body to carry out the provisions of the order which govern in cases wherein double assessments are paid.

**Assumpsit,** on a sick benefit certificate. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 6, 1898.

STUBBLEFIELD & QUINLAN, attorneys for appellant.

P. J. O'SHEA, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellee sued appellant, a fraternal and benefit society, of which he is a member, for amount due upon a sick benefit certificate.

Among other provisions of the by-laws is the following:

" Sec. 8. Any member of either fund shall be entitled to double the benefits herein provided for on payment of double assessments; provided, that any such member shall first forward to the supreme record keeper his certificate of membership in such fund, who shall indorse thereon the date when such liability for double benefits takes place."

It is in effect conceded that appellee is entitled to benefits according to the provisions of his certificate and the laws of the order, and for the length of time claimed by him. The supreme record keeper of the appellant wrote in relation to the claim of appellee, among other things, the following:

" While he has shown disability to last eleven weeks, under the delayed notice he would be entitled to ten weeks. We will pay for eleven weeks single benefits, $53."

And:

" We apprise you in a communication of December 24,

that his claim would be allowed at $53, being one week more than under a technical construction of the proofs he would be entitled to. This in effect is the decision of the board of trustees."

Appellee testified that he did not send his certificate to the supreme record keeper for the indorsement provided for in section 8 of the by-laws, but that he did give it to Edwards, who was the record keeper of his local lodge, and that Edwards wrote to the supreme record keeper, received an answer from that officer, and told appellee that it was "all right." He further testified that he paid the double assessments, in which he is corroborated by his pass-book. Edwards admitted the receipt of the amounts claimed to have been paid as double assessments, but said that he had received them " under protest," and that he had not credited them as double assessments. He denied that he had ever sent appellee's certificate to the supreme record keeper, or that he told appellee that it was all right. Edwards admitted that he had the certificate in his office for three weeks.

The jury found a verdict for appellee for $106, the amount claimed as double benefits.

Upon this conflicting evidence we are not prepared to say that the jury were not warranted in finding that appellee's version of the transaction was the truth. The question is then presented as to whether, if everything was done by appellee and Edwards, as stated by appellee, it operated in law to dispense with the necessity of forwarding the certificate to the supreme record keeper as a prerequisite to a right of recovery. We are disposed to think that it would. The terms of section 8 of the by-laws are absolute in giving appellee the right to double benefits upon payment of double assessments, and while it provides for the sending of the certificate to the supreme record keeper for indorsement, yet that provision does not operate to give to that official any power to refuse a member the privilege of coming into that class of beneficiaries by payment of double assessments. The local officer, Edwards, whose duty it was to receive payments of assessments, received the double

assessments and remitted them to the supreme record keeper, who kept them and thereby bound the supreme body by such action. He also represented to appellee, so the jury found, in effect, that the certificate was in proper shape.

In Niblack on Benefit Societies, the author says, page 516 :

" Where a local lodge admits a member into a mutual benefit society, collects his admission fee and all assessments levied upon him, and remits such assessments to the supreme lodge or directory of the society, it is to be regarded as the agent of the supreme lodge or directory, at least to this extent, that payment of assessments to the local lodge is a payment to the higher body of the order. The default of the local lodge in paying over to the higher body of the order the assessments paid to it by its members, does not affect the rights of such members."

In this case the double assessments were paid and remitted to the supreme body of the order, with notice that they were paid by a member claiming to be entitled to double benefits. Those moneys could not be thus received and retained without obligating the supreme body to carry out the provisions of the order which govern in cases wherein double assessments are paid.

The objections to the admission of testimony were not preserved by any exception to the ruling of the trial court. The judgment is affirmed.